**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-1415**

───────────────

SENKENESH KIBREAB,

                                                        Petitioner,

          versus

JOHN ASHCROFT, Attorney General,

                                                        Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A74-639-020)

───────────────

Submitted:  December 15, 2003          Decided:  December 29, 2003

───────────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

Socheat Chea, LAW OFFICE OF SOCHEAT CHEA, Atlanta, Georgia, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Terri J.
Scadron, Assistant Director, Carol Federighi, Office of Immigration
Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Senkenesh Kibreab, a native and citizen of Ethiopia, seeks review of a decision of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's (IJ's) denial of her application for asylum, withholding of deportation, and relief under the Convention Against Torture. We have reviewed the administrative record and the IJ's decision, designated by the Board as the final agency determination, and find that substantial evidence supports the IJ's conclusion that Kibreab failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. 8 U.S.C. § 1105a(a)(4) (1994);[1] 8 C.F.R. § 1208.13(b) (2003). We have reviewed the IJ's credibility determinations and find that they are supported by specific, cogent reasoning, and therefore are entitled to substantial deference. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Thus, the administrative record supports the IJ's conclusion that Kibreab failed to establish her eligibility for asylum.[2]

---

[1] We note that 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-627, effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, § 1105a(a)(4) is applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

[2] As Kibreab failed to challenge on appeal the denial of withholding under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3) (2000), or the Convention Against Torture, 8 C.F.R. § 1208.16 (2003), these claims are waived. See Fed. R. App. P.

2

We deny Kibreab's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

28(a)(6); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999); <u>11126 Baltimore Blvd., Inc. v. Prince George's County, Md.</u>, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc).